UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| **MICHAEL P. DICUS, SR.,** <br> **Individually and As Personal Representative** <br> **Of the Estate of Carle Dicus, Sr.** <br> 702 Fernhill Road <br> Baltimore, Maryland 21226 | * <br><br> * <br><br> * | |
| and | * | |
| **CARLE DICUS, JR.** <br> 1831 McHenry Street <br> Baltimore, Maryland 21223 | * <br><br> * | |
| and | * | |
| **ROLAND DICUS** <br> 8228 Fort Smallwood Road, Apt. 2C <br> Baltimore, Maryland 21226 | * <br><br> * | |
| Plaintiffs <br> v. | * <br><br> * | Civil Action No.: |
| **SSC OPERATING COMPANY LLC** <br> One Ravinia Drive, Suite 1400 <br> Atlanta, Georgia 30346 <br> **T/A GLEN BURNIE HEALTH** <br> **AND REHABILITATION CENTER** <br>   **Serve On Resident Agent:** <br> The Corporation Trust Incorporated <br> 351 West Camden Street <br> Baltimore, Maryland 21201 | * <br><br> * <br><br> * <br><br> * <br><br> * | |
| and | * | |
| **MARIA ROSADO, LPN** <br> c/o SSC Operating Company, LLC <br> t/a Glen Burnie Health And Rehabilitation Center <br> One Ravinia Drive, Suite 1400 <br> Atlanta, Georgia 30346 <br> **Serve On Resident Agent:** <br> The Corporation Trust Incorporated <br> 351 West Camden Street <br> Baltimore, Maryland 21201 | * <br><br> * <br><br> * <br><br> * | |

1

\*
Defendants
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiffs, Michael P. Dicus, Sr., Individually and as Personal Representative of the Estate of Carle Dicus Sr., Carle Dicus, Jr. and Roland Dicus, by their attorneys Mark Rosasco and Hyatt & Weber, P.A., bring this action against the Defendants, Maria Rosado, LPN and SSC Operating Company, LLC t/a Glen Burnie Health And Rehabilitation Center whose agents, servants and employees were providers of services to Mr. Dicus at Glen Burnie Health And Rehabilitation Center and state:

1. Plaintiff Michael P. Dicus, Sr. is a resident of Anne Arundel County, Maryland.

2. Plaintiff Carle Dicus, Jr. is a resident of Baltimore City, Maryland.

3. Plaintiff Roland Dicus is a resident of Anne Arundel County, Maryland.

4. Defendant, SSC Operating Company, LLC t/a Glen Burnie Health And Rehabilitation Center is a citizen of Atlanta, Georgia.

5. The amount of this claim exceeds Seventy-Five Thousand Dollars ($75,000.00).

6. The venue for this claim is proper in United States District Court for the District of Maryland due to diversity 28 U.S.C. 1332(a) as Plaintiffs and Defendant reside in diverse States.

7. This case was previously filed with the Health Claims Arbitration Office of Maryland, HCA No. 2016-384, and was waived pursuant to §3-2A-06(B) of the Courts & Judicial Proceedings Article, Annotated Code of Maryland. A copy of the Order Of Transfer, Waiver of Arbitration and Certificates of Merits filed in this action are attached hereto as Exhibits #1, #2, #3 and #4.

## FACTUAL BACKGROUND

8. On March 21, 2015 Carle Dicus, Sr. was admitted to Glen Burnie Health And Rehabilitation Center in Glen Burnie, Maryland.

9. Maria Rosado, LPN and other nurses were assigned to care for Carle Dicus, Sr.

10. Upon admission it was noted that Carle Dicus' balance was poor and he was described as "very unsteady."

11. It was noted that Carle Dicus, Sr. had multiple bruises and red marks from prior falls and he was noted to be a fall precaution in Maria Rosado, LPN's notes.

12. At approximately 6:45 p.m. on March 21, 2015 Carle Dicus, Sr. was in a wheelchair that was locked.

13. Carle Dicus, Sr. attempted to get up after being left alone by Maria Rosado, LPN or other nurses who had gone to walk back to the nurses' station.

14. Carle Dicus, Sr. fell hitting his head against the floor and ultimately became unresponsive.

15. Carle Dicus, Sr. was transported from Glen Burnie Health And Rehabilitation Center after his fall to the University of Maryland Medical Center where he passed away due to injuries from his fall on March 22, 2015.

## COUNT I

## MEDICAL MALPRACTICE

**Michael P. Dicus, Sr., Individually And As**

**Personal Representative of the Estate of Carle Dicus, Sr.,**

**Carle Dicus, Jr. and Roland Dicus**

v.

**SSC Operating Company, LLC, t/a**

**Glen Burnie Health And Rehabilitation Center**

**Maria Rosado, LPN**

Plaintiffs, Michael P. Dicus, Sr., as Personal Representative of the Estate of Carle Dicus Sr., Carle Dicus, Jr. and Roland Dicus, by their attorneys Mark Rosasco and Hyatt & Weber, P.A., bring this action against the Defendants, Maria Rosado, LPN and SSC Operating Company, LLC t/a Glen Burnie Health And Rehabilitation Center in a Medical Malpractice Claim pursuant to Section 7-401(y) of the Estates & Trust Article of the Maryland Annotated Code and states:

16. Plaintiffs repeat, reallege and incorporate by reference in this Count every allegation of each preceding paragraph.

17. At all times herein relevant Defendant's employees and representatives, including and not limited to nurses, aides, and medical directors negligently departed from the standard of care by:

18. Failing to supervise Mr. Dicus when Maria Rosado, LPN or other nurses walked back to the nurses' station. Mr. Dicus attempted to get up and subsequently fell hitting his head on the floor.

19. Maria Rosado, LPN or other nurses failed to properly assess and provide adequate additional fall protection for a patient who had already exhibited unsafe behaviors in his attempts to get out of bed on his own.

20. With a diagnosis of dementia indicating that his judgment was severely impaired and evidence of disorientation Defendants deviated from the standard of care by relying on the patient's ability to call out for assistance when needed to prevent injury.

21. The Defendants further deviated from the standard of care by not providing the physician ordered chair alarm to assure the patient's safety while in the wheelchair.

22. The nursing staff further deviated from the standard of care by not communicating with the patient's physician after his exhibition of unsafe behaviors in order to obtain more effective protective safety measures.

23. Failure to identify actual or potential risks to the patient's health and safety, failure to implement physician orders for safety devices, and failure to communicate with Mr. Dicus' physician to minimize risk of falls are direct violations of the established nursing standards of care.

24. The Defendants did not adhere to generally accepted standards of practice and the failure to do so directly result in Mr. Dicus' fall, injuries, deterioration and death.

25. Plaintiff, Carle Dicus, Sr. was in no way contributorily negligent and relied upon the expertise of the staff at Glen Burnie Health And Rehabilitation Center.

26. As a direct and proximate result of Defendants' negligence, Carle Dicus, Sr. incurred medical and funeral expenses, pain and suffering and death.

WHEREFORE, Plaintiffs, Michael P. Dicus, Sr., as personal representative of the estate of Carle Dicus, Sr., Carle Dicus, Jr. and Roland Dicus demand judgment be entered against the Defendants, Maria Rosado, LPN and SSC Operating Company, LLC t/a Glen Burnie Health And Rehabilitation Center, in an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS with interest, costs, and any and all other relief to which this Court finds him entitled.

## COUNT II

### Negligence/Survival Action

Plaintiffs, Michael P. Dicus, Sr., individually and as Personal Representative of the Estate of Carle Dicus Sr., Carle Dicus, Jr. and Roland Dicus, by their attorneys Mark Rosasco and Hyatt & Weber, P.A., bring this action against all Defendants herein in a survival action for medical malpractice and medical negligence pursuant to Section 7-401(y) of the Estates & Trust Article of the Maryland Annotated Code and states:

27. Plaintiffs repeat, reallege and incorporate by reference in this Count every allegation of each preceding paragraph.

28. As direct and proximate cause of Defendants' medical negligence and deviation from the standard of care, Carle Dicus, Sr. was left unmonitored, fell, and succumbed to death on March 22, 2015.

29. At all times relevant the Defendants Rosado and other unidentified nurses were agents, servants and employees of Defendant SSC Operating Company, LLC t/a Glen Burnie Health and Rehabilitation Center.

30. Due to Defendants' medical negligence aforesaid until the time of death Carle Dicus, Sr. suffered severe pain and suffering and diminished his happiness and enjoyment of life.

31. Carle Dicus, Sr. suffered all the aforementioned injuries as a result of the Defendants' negligence aforesaid.

WHEREFORE, Plaintiffs Michael P. Dicus, Sr., Carl Dicus, Jr. and Roland Dicus demand judgment be entered against the Defendants in an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS with interest, costs, and any and all other relief to which this Court finds them entitled.

## COUNT III

### Negligence/Wrongful Death

32. Plaintiffs, Michael P. Dicus, Sr., individually and as Personal Representative of the Estate of Carle Dicus Sr., Carle Dicus, Jr. and Roland Dicus, by their attorneys Mark Rosasco and Hyatt & Weber, P.A., bring this action against all Defendants herein in a wrongful death claim for the negligence pursuant to Section 3-901 and 3-904 of the Courts and Judicial Proceedings Article of the Maryland Annotated Code and the Maryland Rule 15-1001 and state:

33. Claimants repeat, re-allege and reincorporate by reference in this count every allegation of each preceding paragraph. At all times herein relevant, Plaintiffs, Michael P. Dicus, Sr., individually and as Personal Representative of the Estate of Carle Dicus Sr., Carle Dicus, Jr. and Roland Dicus are the sons of the decedent, The Healthcare Providers, SSC Operating Company, LLC t/a Glen Burnie Health And Rehabilitation Center, its agents employees, and representatives, including but not limited to its staff of nurses and aids, including but not limited to Maria Rosado, LPN, were informed that Carle Dicus, Sr. was a fall precaution and had exhibited multiple bruises and marks from prior falls, and nonetheless negligently departed from the standard of care by:

- Failing to supervise the patient and properly assess and provide additional fall protection for a patient who had already exhibited unsafe behaviors in his attempts to get out of bed;

- By relying on the patient's ability to call out for assistance when needed to prevent injury;

- Failing to provide the physician ordered chair alarm to assure the patient's safety while in a wheel chair;

- Failing to communicate with the patient's physician after his exhibition of unsafe behavior in order to obtain more effective protective safety measures; and

- The Certificate Of Merit of Karen Doll as her conclusions to violations of Standard of Care is incorporated herein by reference as if fully reproduced herein.

34. Each of the foregoing acts of negligence on the part of the Defendants operating separately, in combinations of two or more, or jointly accumulatively, was the proximate cause of Carle Dicus, Sr.'s death, and the damages that are more specifically described below.

35. Reasonably prudent practitioners operating under same or similar conditions would not have failed to meet the standards of care stated above. Each of the foregoing acts of negligence on the part of each of the Defendants operating separately, in a combination of two or more, or jointly accumulatively, was the proximate cause of Carle Dicus Sr.'s condition, suffering, death and damages.

36. As a direct and proximate result of the Defendants' negligence in causing the death of Carle Dicus, Sr., Plaintiffs, Michael P. Dicus, Sr., Carle Dicus, Jr. and Roland Dicus sustained pecuniary loss, past and future mental anguish, past and future emotional pain and suffering, loss of society, loss of companionship, loss of affection, loss of advice, loss of counsel, and loss of comfort.

37. This Complaint is timely filed within three (3) years after the death of Carle Dicus, Sr. pursuant to Section 3-904 (f) of the Courts and Judicial Proceedings Article of the Maryland Annotated Code.

WHEREFORE, Plaintiffs Michael P. Dicus, Sr., Carl Dicus, Jr. and Roland Dicus demand judgment be entered against the Defendants in an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS with interest, costs, and any and all other relief to which this Court finds them entitled.

/s/
---

Mark Rosasco, (Bar #07470)
HYATT & WEBER, P.A.
Severn Bank Building
200 Westgate Circle, Suite 500
Annapolis, MD 21401
410-266-0626
410-841-5065 (fax)
MRosasco@hwlaw.com
*Attorneys for Plaintiffs*